**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| HENRY UDOEWA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3054 |
| | § | |
| PLUS4 CREDIT UNION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

The defendants have moved for leave to amend their answer to respond to factual allegations raised in Udoewa's Second Amended Complaint and to plead affirmative defenses to Udoewa's defamation claims. (Docket Entry No. 76). Udoewa has responded, arguing that leave to amend should not be granted because the defendants delayed in seeking leave and have not shown good cause for doing so. (Docket Entry No. 79). The defendants have replied. (Docket Entry No. 80). For the reasons stated below, the motion is granted.

**I.     The Legal Standard**

Rule 15(a) provides that a party may amend the party's pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. After a responsive pleading is served, a party may amend only "with the opposing party's written consent or the court's leave." *Id.* Although a court "should freely give leave when justice so requires," FED. R. CIV. P. 15(a), leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). A district court reviewing a motion to amend pleadings under Rule

15(a) may consider factors such as "undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party, and futility of amendment." *In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996).

Rule 16(b) states that scheduling orders "may be modified only for good cause and with the judge's consent." The Rule 16(b) "good cause" standard, rather than the "freely given" standard of Rule 15(a), governs a motion to amend filed after the deadline set in the scheduling order. *See Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546–47 (5th Cir. 2003); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535–36 (5th Cir. 2003); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000); *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437 (8th Cir. 1999); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam); *Riofrio Anda v. Ralston Purina, Co.*, 959 F.2d 1149, 1154–55 (1st Cir. 1992); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992); *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990). Trial courts need "broad discretion to preserve the integrity and purpose of the pretrial order." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (quotations omitted). "If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa*, 133 F.3d at 1419; *see also Johnson*, 975 F.2d at 610 ("Disregard of the [scheduling] order would undermine the court's ability to control its docket, [and] disrupt the agreed-upon course of the litigation."); *Riofrio Anda*, 959 F.2d at 1155 (finding that permitting amendment under Rule 15(a) after scheduling order cutoff "would have nullified the purpose of Rule

16(b)(1)"). If amending the pleadings would, in effect, require amendment of the scheduling order, both Rule 15 and Rule 16 apply.

The "good cause" standard focuses on the diligence of the party asking the court to modify the scheduling order. *Parker,* 204 F.3d at 340; *In re Milk Prods.,* 195 F.3d at 437; *Johnson,* 975 F.2d at 609. The absence of prejudice to the nonmovant is relevant to Rule 15(a) but does not satisfy the "good cause" requirement of Rule 16(b). *Tschantz v. McCann,* 160 F.R.D. 568, 571 (N.D. Ind. 1995). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters.*, 315 F.3d at 535 (quoting 6A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). In the context of a motion for leave to amend, the court may deny the motion if the movant "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir.1994) (quotations omitted); *see also Pope v. MCI Telecomms. Corp.*, 937 F.2d 258, 263 (5th Cir. 1991) (denying, under Rule 15(a)'s more lenient standard, a late-filed motion to amend a complaint to include claims based on same facts); *Sosa*, 133 F.3d at 1419 (denying leave to amend under rule 16(b) when facts were known to plaintiff at time of first complaint); *Parker,* 204 F.3d at 340–41 (same).

If a movant establishes good cause to extend the pretrial scheduling order, or if there is no need to extend the scheduling order, the court decides whether to grant leave to file the amended pleading under Rule 15(a). *See Johnson*, 975 F.2d at 608; *see also S&W Enters.*, 315 F.3d at 536 ("Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."). In

deciding whether to grant leave to file an amended pleading under Rule 15(a), a district court may consider factors such as undue delay; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party; and futility of amendment. *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

## II.   Analysis

The deadline to amend pleadings has passed. The defendants have shown good cause for their proposed amendments to the answer. Udoewa's deposition testimony, which stretched over three different days during a period of two months, clarified the factual basis for Udoewa's defamation claims. The defendants state that this testimony provided them with an understanding of the specific statements that Udoewa claims the defendants "published" to third parties. The proposed amendments plead affirmative defenses based on this new information. Udoewa's argument that it is inappropriate to conform pleadings to discovery—to "shift with the tide"—is unpersuasive. The Rule 16(b) "good cause" standard is satisfied.

The defendants also argue that leave to amend is appropriate because Udoewa made additional factual allegations in his Second Amended Complaint. As Udoewa argues, the claims that were added to that complaint have been dismissed under Rule 12(b)(6). (*See* Docket Entry No. 56). But Udoewa also added factual detail to the remaining claims, particularly his race discrimination claim and the claim for negligent retention of Stark by Plus 4. (Docket Entry No. 29). These new factual allegations support the conclusion that the defendants have shown good cause for amending their answer. Rule 16(b) is satisfied.

The Rule 15(a) factors also favor granting leave to amend. The record shows that the defendants did not unduly delay in seeking to amend. Udoewa's Second Amended Complaint was

filed on August 3, 2009, just before the first day of his deposition.  Udoewa's deposition ended on September 21, 2009.  The defendants received the transcript sometime in October 2009.  Before moving for leave to amend their answer based on the information learned in the deposition and the new allegations in the complaint, the defendants moved to dismiss certain claims in the Second Amended Complaint.  This court granted that motion on December 21, 2009. (*See* Docket Entry No. 29).  Based on the timeline and the continuing discovery disputes between the parties, the defendants were not dilatory in moving for leave to amend.  The defendants have not previously amended their pleadings.

Finally, there is no reason to believe that the amendment will prejudice Udoewa.  Although he conclusorily states that amendments will require further discovery, there is no factual support provided for this statement.  There is no indication as to what, if any, additional discovery would be necessary to respond to the affirmative defenses to the defamation claims.  The defenses present straightforward issues, such as the truth of the statements and whether (and by whom) the statements were published to third parties, which were the subjects of the discovery already completed.  Rule 15(a)'s liberal standard is satisfied.

## III.    Conclusion

The defendants' motion for leave to amend the answer is granted.

SIGNED on March 23, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge